IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| M. DEBRA HAGUE, ) | |
| ) | Civil No. 2:12-CV-00488-BSJ |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| vs. ) | **& ORDER RE:** |
| ) | **ATTORNEY'S FEES** |
| CAROLYN W. COLVIN, Acting ) | **(28 U.S.C. § 2412)** |
| Commissioner of Social Security, ) | |
| ) | **FILED** |
| Defendant. ) | CLERK, U.S. DISTRICT COURT |
| ) | October 15, 2013 (12:14pm) |
| | DISTRICT OF UTAH |

\* \* \* \* \* \* \* \* \*

Claimant M. Debra Hague appealed from the Administrative Law Judge's ("ALJ") order affirming the Commissioner's denial of her application under Title II of the Social Security Act for Disability Insurance Benefits ("DIB"). Ms. Hague had previously concurrently applied for DIB and Supplemental Security Income ("SSI") under the Social Security Act in April 2008, alleging the onset of her disability began on August 8, 2005. Her claim was initially denied, but upon reconsideration of the Administrative Law Judge ("ALJ"), found that Ms. Hague suffers from severe impairments that include left carpel tunnel syndrome, left cubital tunnel syndrome, left radial tunnel syndrome, and a history of left complex regional pain syndrome. Despite these findings, the ALJ ultimately determined that Ms. Hague retained the residual functional capacity to return to her prior work as a referral clerk.

On appeal to this court, Ms. Hague presented arguments on four issues. This Court affirmed the ALJ's determination on three out of the four issues, but remanded one issue for further administrative proceedings because

the ALJ's conclusion, at phase three, that the claimant's past work "falls within her current residual functional capacity" and that "any limitations in using her left arm should not interfere significantly with the performance of sedentary work as a referral clerk" lacked the substantial evidence necessary to support the ALJ's findings. *McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002); *see also Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) (holding that the ALJ "has the burden to investigate whether a vocational expert's opinion conflicts with information provided in the Dictionary of Occupational Titles, and elicit an explanation for any inconsistency").

Accordingly, because the ALJ failed to provide specifics concerning the fingering responsibilities of Ms. Hague's prior work, the case must be remanded for further proceedings regarding phases two and three of step four to determine Ms. Hague's residual functioning capacity.[1]

Ms. Hague now petitions the Court to award her attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, contending that she is a prevailing party and that the position of the Commissioner was not substantially justified because the ALJ failed to properly perform the analysis required in phase two and three of step four of the five-step sequential evaluation used to determine disability for DIB purposes. See C.F.R § 404.1520(a)(4). The Commissioner opposes any fee award, arguing that the positions taken by the government were substantially justified in defending the action.

**Attorney's Fees Under the EAJA**

The EAJA provides that the district court may award reasonable attorney fees, if (1) the claimant is a prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no special circumstances that would make an award unjust. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C.A. § 2412(d)(1)(A)). Any party seeking attorney fees and expenses under the EAJA must submit an application for fees and

---

[1](Memorandum Opinion and Order, filed March 19, 2013 (CM/ECF No. 21), at 4-5, *available at Hague v. Colvin*, 2013 WL 1150303, at *3 (D. Utah 2013).)

expenses within thirty days of the final order from the district court. 28 U.S.C. § 2412(d)(1)(B).

Ms. Hague's Motion for Attorney's Fees Under the Equal Access to Justice Act (CM/ECF No. 23), filed the same day as this court's Judgment (CM/ECF No. 22), is timely.[2]

**Ms. Hague as a Prevailing Party**

As noted above, to recover attorney fees under the EAJA, a claimant must be a "prevailing party." A claimant that obtains a "sentence four" remand order from a federal district court under 42 U.S.C. § 405(g) is deemed a prevailing party for purposes of EAJA. *See Hackett*, 475 F.3d at 1168 ("In this social security case, plaintiff obtained a district court remand to the Commissioner of Social Security under the fourth sentence in 42 U.S.C. § 405(g),[3] and she is therefore a prevailing party for purposes of EAJA."); *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Consequently, it has previously been held in this District that a plaintiff is indisputably a prevailing party under the EAJA once he or she obtains a sentence four remand. *Penichter v. Barnhart*, 2008 WL 2906928, at *1 (D. Utah 2008) (Stewart, J.).

The fact that the Commissioner has prevailed on three of the four issues raised by Ms. Hague does not necessarily preclude an award of EAJA attorney fees. Indeed, the Tenth Circuit

---

[2]A remand order from a district court will trigger a claimant's time to file a EAJA fee application. *See Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995). The application must allege that a party is a prevailing party and is entitled to receive an award and must also allege that the position of the United States was not substantially justified. *Id.*; *see* 28 U.S.C. § 2412(d)(1)(B); *see also Hackett*, 475 F.3d at 1169. Ms. Hague's fee request satisfies this pleading requirement.

[3]The fourth sentence, 42 U.S.C. § 405(g) reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The next sentence states that "[t]he findings of the Commissioner of Social Security as to any fact, *if supported by substantial evidence*, shall be conclusive, . . . ." (Emphasis added.)

held in *Hackett* that an award of EAJA attorney fees was not precluded even though the government prevailed on five of the six issues raised by the plaintiff in district court. 475 F.3d at 1173 n.1.[4]

Because Ms. Hague obtained a sentence four remand, she is a "prevailing party" for EAJA purposes, even though the Commissioner prevailed on three of the four issues Ms. Hague raised on appeal.

**Substantial Justification**

Once an EAJA fee and expense application is filed with the district court, the government has the burden of proof to demonstrate that the Commissioner's position was substantially justified. *See Hackett*, 475 F.3d at 1172; *Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (holding that § 2412(d)(1)(A) "indicates and courts have uniformly recognized" the "burden of establishing 'that the position of the United States was substantially justified,' must be shouldered by the Government").

In *Hackett*, the Tenth Circuit delineated the "substantial justification" standard under the EAJA:.

> "The test for substantial justification in this circuit is one of reasonableness in law and fact." . . . Thus, the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The government's "position can be justified even though it is not correct." *Id.* at 566 n. 2, 108 S.Ct. 2541

475 F.3d at 1172 (citation omitted) (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th

---

[4]Other jurisdictions have similarly concluded that an applicant for disability benefits is a prevailing party if the denial of benefits is reversed and remanded to the ALJ, regardless whether disability benefits are ultimately awarded. *See, e.g., Gutierrez v. Barnhardt*, 274 F.3d 1255, 1257 (9th Cir. 2001) (citing *Shalala v. Schaefer*, 509 U.S. at 300-02).

Cir.1995)). Further,

> As defined by EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." . . . The statute further provides that "whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." . . .

*Id.* (citations omitted) (quoting 28 U.S.C. §§ 2412(d)(2)(D) and (d)(1)(B)).

Thus, to be "substantially justified" under the EAJA, the Commissioner's position must be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. at 565. This includes the Commissioner's position in the underlying agency action and any litigation that may follow that agency action. *See Hadden v. Bowen*, 951 F.2d 1266, 1267 (10th Cir. 1988). As a general rule, EAJA fees "should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174.[5] The government's position "must be '*reasonable* even if *wrong*.'" *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir.2011) (emphasis in original)

To determine whether the position of the Commissioner was substantially justified, the court must first determine the proper scope of its examination of the Commissioner's position. Some have narrowly focused "exclusively on the issue upon which remand was granted, rather

---

[5]Generally the government must show: (1) "that there is a reasonable basis ... for the facts alleged"; (2) "that there exists a reasonable basis in law for the theory it propounds"; and (3) "that the facts will reasonably support the legal theory advanced." *Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988) (quoting *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir.), *cert. denied*, 469 U.S. 825 (1984)).

than any issues raised upon which the Plaintiff did not prevail," in determining whether the Commissioner's position was substantially justified. *Penichter v. Barnhart*, 2008 WL 2906928, at *1 (D. Utah 2008) (citing *Hackett*, 475 F.3d at 1174) (Stewart, J.); *Willoughby v. Chater*, 930 F. Supp. 1466, 1469 (D. Utah 1996) (Sam, J.) (" In determining whether the government's position was substantially justified, the court should focus on the issue that led to remand rather than the ultimate issue of disability."); *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995). On the other hand, the Tenth Circuit has instructed that the court is required to treat each case "'as an inclusive whole, rather than as atomized line-items'" in considering substantial justification, and "that an issue-by-issue approach is therefore not appropriate." *Hackett*, 475 F.3d at 1173 n.1 (quoting *Commissioner, INS v. Jean*, 496 U.S. 154, 162 (1990));[6] *see Groberg v. Astrue*, 505 Fed. Appx. 763, 771 (10th Cir. 2012) (concluding that "*viewed as a whole*, the Commissioner's position in this case was not substantially justified" (emphasis in original) (citing *Hackett*, 475 F.3d at 1173 n.1)).[7]

This Court remanded this case for further administrative proceedings on only one issue:

---

[6]In *Hackett*, the court concluded that although the Commissioner prevailed on five of the six issues raised in district court, the Commissioner's position was still not substantially justified under the "totality of the circumstances" because although sentence four remand was granted solely on the one issue, the other issues the Commissioner did prevail on were unrelated to that issue and did not provide a basis for affirming the ALJ's denial of benefits. "In other words, the fact that the Commissioner prevailed in the district court on most issues did not alter the fact that she acted unreasonably in denying benefits at the administrative level." 475 F.3d at 1173 n.1.

[7]Courts in other Circuits have similarly concluded that the "totality of the circumstances," including the entirety of the Commissioner's position in the litigation must be examined when determining substantial justification. *See Williams v. Astrue*, 595 F. Supp.2d 582, 586-87 (E.D. Pa. 2009) (citing *Roanoke River Basin Assoc. v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993); Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996)).

determining whether Ms. Hague could return to her past relevant work in light of the physical impairments found in step four of the sequential evaluation. Step four of the sequential analysis is composed of three different phases. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In the first phase, the ALJ must determine the claimant's physical and mental "residual functional capacity." *Id.* This Court noted that the ALJ in this case made specific findings to properly identify Ms. Hague's residual functional capacity in phase one as being able to "occasionally reach, handle, finger and feel on the left and constantly reach, handle, finger and feel on the right."[8]

Next, the ALJ must make a finding concerning the physical and mental demands of the claimant's past relevant work in phase two. *Winfrey*, 92 F.3d at 1024. To ensure the necessary findings are made, the ALJ must acquire factual information about the work demands which have an impact on the medically established limitations of the claimant. *Id.* In this case, the vocational expert described the physical and mental demands of Ms. Hague's past relevant work by reading entries from Dictionary of Occupational Titles ("DOT"), opining that the work of a referral clerk is classified as semi-skilled and sedentary work in the DOT. The corresponding DOT entry clarifies that the work of a referral clerk requires occasional reaching and handling, and frequent fingering. Because at step four of the sequential analysis the ALJ is only to consider the past relevant work of the claimant, it is feasible for the ALJ to make specific findings regarding the physical and mental demands of those jobs and independently evaluate claimant's ability to satisfy those demands. *Winfrey*, 92 F.3d at 1025. Here, the record was devoid of any

---

[8](Memorandum Opinion and Order, filed March 19, 2013 (CM/ECF No. 21), at 4, 2013 WL 1150303, at *2.)

other explanation by the ALJ to further clarify what the physical and mental requirements of a referral clerk are, and this Court thus concluded that the record concerning phase two was incomplete. The court remanded this case for further clarification of the physical and mental demands of Ms. Hague's past relevant work.

In the final phase of step four, the ALJ must determine whether the claimant has the "ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Winfrey*, 92 F.3d at 1024. As this court found,

> The ALJ made the specific finding that Ms. Hague was limited to only occasional fingering and handling with her left hand, in phase one, but failed to provide information concerning the impact this would have on her past work in phase three. Accordingly, the ALJ's conclusion, at phase three, that the claimant's past work "falls within her current residual functional capacity" and that "any limitations in using her left arm should not interfere significantly with the performance of sedentary work as a referral clerk" lacked the substantial evidence necessary to support the ALJ's findings. *McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002); *see also Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) (holding that the ALJ "has the burden to investigate whether a vocational expert's opinion conflicts with information provided in the Dictionary of Occupational Titles, and elicit an explanation for any inconsistency").[9]

There appears to be agreement among the Circuits that a lack of substantial evidence "indicates, but does not conclusively establish, that the government's position concerning a claim was not substantially justified." *Hadden v. Bowen*, 851 F.2d at 1269 (concluding that equating a lack of substantial evidence to a lack of substantial justification for purposes of EAJA would cause the automatic award of attorney fees in all social security cases, a result that is clearly contrary to the intent of Congress in passing the EAJA) (citing *Cohen v. Bowen*, 837 F.2d 582, 585-86 (2d Cir. 1988))); *Cherry v. Barnhart*, 125 Fed. Appx. 913, 916 (10th Cir. 2005) (stating

---

[9](*Id.* at 4-5, 2013 WL 1150303, at *3.)

that "a lack of substantial evidence on the merits is not the equivalent of a lack of substantial justification" (citing *Hadden*, 851 F.2d at 1269)); *see also Harrold v. Astrue*, 2009 WL 1650378, at *3 (N.D. Okla. 2009).[10]

As this court explained, before the ALJ concluded that Ms. Hague could return to her past relevant work as a referral clerk, it was necessary for the ALJ to address the conflict between the specific fingering demands of a referral clerk and Ms. Hague's ability to meet those demands given the fingering limitations in her left hand. *See Bowman v. Astrue*, 511 F.3d 1270, 1273 (10th Cir. 2008); *Prieto v. Astrue*, 2008 WL 376215, at *3 (D. Utah 2008) (Benson, J.). The evidence indicates that Ms. Hague's residual functional capacity limits her to occasional fingering with her left hand. Yet the job of referral clerk requires frequent fingering. The ALJ reasoned that any limitations Ms. Hague had using her left arm should not significantly interfere with ability to perform the sedentary work of a referral clerk because she is right-handed.

Government counsel argues that it was reasonable for the Commissioner to defend the ALJ's determination in this case because there was a genuine dispute as to the impact of any potential conflict between the Dictionary of Occupational Titles and the vocational expert's opinion. "Even though the Court found that remand was required, the Commissioner relied on at least an 'arguably defensible administrative record' and was therefore substantially justified."[11]

---

[10]Ms. Hague's counsel argues a different view: "Agency action found to be unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act. Only the most extraordinarily special circumstances would permit such an action to be found to be substantially justified under the Act." (Transcript of Hearing, dated April 23, 2013, at 4:20-25 (Ms. Fenton).)

[11](Defendant's Response to Plaintiff's Motion for Attorney Fees under the EAJA, filed April 2, 2013 (CM/ECF No. 24), at 4.)

Yet the Tenth Circuit has clearly explained that

> "before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point."

*Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005) (quoting *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999)). As this court pointed out,

> Under the DOT, the job of a referral clerk requires occasional reaching and handling, and frequent fingering. . . . The ALJ made the specific finding that Ms. Hague was limited to only occasional fingering and handling with her left hand, in phase one, but failed to provide information concerning the impact this would have on her past work in phase three.[12]

While the ALJ may rely upon reasonable inferences in explaining a disability determination under step four, assumptions, presumptions, speculation or conjecture do not suffice. Indeed, the Commissioner's Program Policy Statement concerning a disability claimant's capacity to do past relevant work instructs:

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

SSR 82-62 (S.S.A), 1975-1982 Soc.Sec.Rep.Serv. 809, 1982 WL 31386, at *3. Short of additional information clarifying a referral clerk's fingering responsibilities for both hands, an apparent conflict between Ms. Hague's residual functional capacity and her ability to meet the physical demands of a referral clerk as defined by the DOT remained unresolved.

---

[12](Memorandum Opinion and Order, filed March 19, 2013 (CM/ECF No. 21), at 4, 2013 WL 1150303, at *3.)

Though confined to a single issue on appeal, the ALJ's lapse of reasoning renders the government's position unreasonable when viewed as a whole, and thus without substantial justification. *See Hackett v. Barnhart*, 475 F.3d at 1174 (EAJA fees "should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position"); *cf. Dorman v. Astrue*, 435 Fed. Appx. 792, 796 (10th Cir. 2011) (explaining that "'the ALJ had a duty to develop the record by establishing the mental demands of plaintiff's past work and comparing them with her mental limitations before he could conclude that plaintiff could perform her past work,'" and failure to do so was a legal error that justified an award of fees (quoting *Chester v. Apfel*, 1 Fed. Appx. 792, 794 (10th Cir.2001))).

**Reasonableness of Ms. Hague's Fee Request**

"[O]nce the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Commissioner, INS v. Jean*, 496 U.S. at 161 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)). Ms. Hague requests and award of EAJA fees in the amount of $2,400.00, computed based upon an hourly rate of $150.00 per hour for Wendy W. Fenton, Esq. The sixteen hours of attorney time expended by counsel are detailed in an Affidavit annexed to the motion, and appear reasonable when considered in the context of the record on this appeal.[13]

**CONCLUSION**

For the reasons explained above, the court concludes on this record that Ms. Hague is a

---

[13] The Commissioner does not directly dispute the reasonableness of the requested fees, focusing instead on the argument that the government's position is substantially justified. (*See* Transcript of Hearing, dated April 23, 2013, at 7:1-9:1 (Ms. Oliver).)

Case 2:12-cv-00488-BSJ Document 29 Filed 10/15/13 Page 12 of 12

prevailing party, that considered as a whole, the Commissioner's position is not substantially justified, and that the $2,400 in attorney's fees requested by Ms. Hague is reasonable.

Therefore,

**IT IS ORDERED** that Ms. Hague's Motion for Attorney Fees Under the Equal Access to Justice Act (CM/ECF No. 23) is GRANTED, and Ms. Hague is awarded attorney's fees in the amount of **Two Thousand Four Hundred Dollars ($2,400.00)**.

DATED this 15th day of October, 2013.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge